IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A., | No. C 12-4540 MMC |
| Plaintiff, | **ORDER REMANDING ACTION; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JUAN MARTINEZ, | |
| Defendant. / | |

    Before the Court is plaintiff Citibank, N.A.'s ("Citibank") Motion to Relate Cases, filed August 30, 2012, by which Citibank seeks an order remanding the above-titled case to state court.[1] Defendant Martinez, who appears pro se, has not filed a response.[2] Having read and considered the motion, the Court rules as follows.

    In its complaint, Citibank alleges one claim, specifically, a state law claim for unlawful detainer. In the notice of removal, Martinez asserts the complaint is removable

---

[1] Also before the Court is defendant Juan Martinez's ("Martinez") Application to Proceed in Forma Pauperis, filed August 29, 2012. The Court finds Martinez has shown good cause to proceed in forma pauperis, and accordingly, the Application is hereby GRANTED.

[2] Because the motion was served on Martinez by mail, any opposition was due no later than September 7, 2012. See Civil L.R. 7-11 (providing opposition to motion for administrative relief must be "filed no later than 4 days after the motion has been filed"); Civil L.R. 5-5(a)(2) (providing that where motion is served by mail, "3 days are added to the time in which any party must respond").

because, he contends, a federal question is presented.[3]

As Citibank correctly observes in its motion, the instant complaint was removed to district court by Martinez twice previously, and, on both occasions, was remanded for lack of subject matter jurisdiction.

Martinez first removed the complaint on January 25, 2012. See Citibank, N.A. v. Martinez, Civil Case No. 12-0403 MMC. On March 12, 2012, the matter was remanded to state court, when the Court adopted in full a Report and Recommendation filed February 17, 2012 by Magistrate Judge Maria Elena James. In her Report and Recommendation, Magistrate Judge James found that no federal question was presented by the state law claim alleged in the complaint.

Thereafter, on June 11, 2012, Martinez again removed the case to district court. See Citibank, N.A. v. Martinez, Civil Case No. 12-2994 MMC. In his second notice of removal, Martinez did not allege that any new circumstance had arisen since March 12, 2012, but, rather, again asserted that a federal question was presented by Citibank's complaint. On August 9, 2012, the Court remanded the complaint for the reasons set forth in the above-referenced Report and Recommendation by Magistrate Judge James, specifically, that Martinez had failed to show, and could not show, the Court had jurisdiction over Citibank's complaint.

Undeterred by the two prior remands, Martinez has, again, removed the complaint, and, again, fails to allege any new circumstance. Rather, Martinez repeats the same contention that has been rejected on two prior occasions, specifically, that a federal question is presented by Citibank's complaint.

//
//
//

---

[3] Martinez, who states he is a tenant residing at the subject premises, is not a named defendant in Citibank's complaint. Because Martinez, in his notice of removal, and Citibank, in its motion to relate, both state Martinez is a defendant herein, it appears Martinez was named as a party at some point after the complaint was filed.

Under such circumstances, the Court again finds that Martinez has failed to show, and cannot show, the Court has jurisdiction over Citibank's complaint.[4]

Accordingly, the complaint is hereby REMANDED to the Superior Court of California, in and for the County of Sonoma.

**IT IS SO ORDERED.**

Dated: September 11, 2012

MAXINE M. CHESNEY
United States District Judge

---

[4] By separate order filed concurrently herewith, the Court has directed Martinez to show cause why an order should not be entered prohibiting him from filing, without advance approval, any further notice of removal of the instant complaint.