IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A., | No. C-12-4540 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANT JUAN MARTINEZ TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE PRE-FILING ORDER** |
| v. | |
| JUAN MARTINEZ, | |
| Defendant. | |

By separate order filed concurrently herewith, the Court has remanded to state court the complaint filed by plaintiff Citibank, N.A. ("Citibank") against defendant Juan Martinez ("Martinez"). The instant action constitutes the third attempt by Martinez to remove Citibank's complaint, each time on the exact same grounds. As is set forth in greater detail below, it appears appropriate that the Court impose upon Martinez sanctions in the form of a pre-filing order restricting his ability to further remove Citibank's complaint.

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, district courts have "the inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before imposing a

1  pre-filing order, a district court must provide the litigant with "adequate notice and a chance
2  to be heard," identify the "cases and motions that support the conclusion that [the litigant's]
3  filings are so numerous or abusive that they should be enjoined," make "substantive
4  findings as to the frivolous or harassing nature of the litigant's actions," and ensure any pre-
5  filing order is "narrowly tailored to closely fit the specific vice encountered." See De Long,
6  912 F.2d at 1147-48 (internal quotation and citation omitted).

7        Citibank's complaint alleges one state law claim, specifically, a claim for unlawful
8  detainer. In its complaint, filed November 17, 2011 in state court, Citibank alleges that it
9  owns certain real property in Petaluma, California, that in August 2011 it served on all
10 occupants of the property a notice to vacate, and that, to date, the occupants have refused
11 to vacate the premises.[1] Citibank seeks an order granting it possession of the property, as
12 well as monetary relief in an amount not to exceed $10,000.

13       Martinez has removed said unlawful detainer proceeding from state court three
14 times: first, on January 25, 2012, next, on June 11, 2012, and then again on August 29,
15 2012. In each notice of removal, Martinez has asserted that Citibank's state law claim
16 presented a federal question. (See Notice of Removal, filed January 25, 2012, Citibank,
17 N.A. v. Martinez, Civil Case No. 12-0403 MMC; Notice of Removal, filed June 11, 2012,
18 Citibank, N.A. v. Martinez, Civil Case No. 12-2994 MMC; Notice of Removal, filed August
19 29, 2012, Citibank, N.A. v. Martinez, Civil Case No. 12-4540 MMC.)

20       In response to the first notice of removal, Magistrate Judge Maria Elena James
21 directed Martinez to show cause why the complaint should not be remanded for lack of
22 subject matter jurisdiction; Martinez did not file a response. On February 17, 2012,
23 Magistrate Judge James filed a Report and Recommendation, recommending therein that
24 the complaint be remanded because no federal question was presented and no other basis
25 for federal jurisdiction could be shown. On March 12, 2012, the Court adopted in full the

---

[1]Martinez, who states he is a tenant residing at the subject premises, is not a named defendant in the complaint. Because Martinez, in his notice of removal, and Citibank, in its motion to relate, both state Martinez is a defendant herein, it appears Martinez was named as a party at some point after the complaint was filed.

Report and Recommendation, and the matter was remanded to state court.

Undeterred, Martinez filed his second notice of removal, which again asserted that a federal question was presented by Citibank's complaint. Citibank, in a Notice of Related Case, requested that the Court remand the case once again, and Martinez did not file opposition or otherwise respond thereto. On August 9, 2012, the Court remanded the matter to state court, finding, for the reasons stated in Magistrate Judge James' earlier-filed Report and Recommendation, that Martinez could not establish federal jurisdiction over the unlawful detainer proceeding.

Again undeterred, Martinez, three weeks after the second remand, removed the unlawful detainer action for a third time. In his third notice of removal, Martinez repeated his assertion that the unlawful detainer proceeding presented a federal question, and failed to identify any new circumstance that had arisen between either of the two earlier remands and the date on which he removed the action for the third time. Citibank, in a Motion to Relate, requested that the Court remand the matter; Martinez failed to file a response thereto. As set forth in the order of remand filed concurrently herewith, the Court has remanded the matter.

In light of the above-stated facts, the Court finds Martinez's filing of the third notice of removal was frivolous, in bad faith, and was made solely to delay the state court's rendering of a decision on the merits of the unlawful detainer proceeding. As noted, the third notice of removal was based solely on grounds that had been rejected on two prior occasions. Consequently, Martinez lacked any good faith belief that a district court was the proper forum to hear the merits of the unlawful detainer proceeding.

The Court further finds it is highly likely, in the absence of the imposition of sanctions, that Martinez will file a fourth notice of removal, as part of his ongoing attempt to avoid any determination of the merits of the unlawful detainer proceeding in its proper forum.

On the record described above, the Court finds the imposition of sanctions are appropriate, and, specifically, that Martinez be subject to a pre-filing order that will not allow

3

him to file, without advance approval of the Duty Judge, a notice of removal of the matter initially titled <u>Citibank, N.A. v Jose Guadalupe Ramirez</u>, and referred to by the parties as <u>Citibank, N.A. v. Juan Martinez</u>, filed in the Superior Court of California, County of Sonoma, Case No. MCV 220123.

Accordingly, Martinez is hereby ORDERED TO SHOW CAUSE, in writing and no later than Monday, September 24, 2012, why such pre-filing order should not be issued. As of September 24, 2012, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: September 11, 2012

MAXINE M. CHESNEY
United States District Judge